**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| K.S., *by and through next friends,* ) | |
| CHRIS SELLERS and WENDY DILLINGER, ) | |
| ) | |
| T.D., *by and through next friends,* ) | |
| GLENN and AMY DOUGLAS, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | No. 4:25-cv-00395-SEP |
| ) | |
| MISSOURI STATE HIGH SCHOOL ) | |
| ACTIVITIES ASSOCIATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Before the Court is the March 27, 2025, Motion for Temporary Restraining Order and Preliminary Injunction filed by Plaintiffs K.S. and T.D, Doc. [2]. Plaintiffs are female high school soccer players enrolled in Whitfield School, an independent school in St. Louis, Missouri. In conjunction with the Motion for Temporary Restraining Order, Plaintiffs' parents, who seek to proceed as next friends, filed a civil complaint, Doc. [1].[1]

Having reviewed the filings, the Court will require Plaintiffs' parents to pay the $405 filing fee and submit individual motions for leave to proceed as next friends pursuant to Federal Rule of Civil Procedure 17(c)(2). Additionally, prior to a hearing on the Motion for Temporary Restraining Order and Preliminary Injunction, Plaintiffs K.S. and T.D. must be represented by counsel. If Plaintiffs are unable to find counsel, they must timely seek leave for appointment of counsel by this Court.

### COMPLAINT AND MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INUNCTION

Plaintiffs K.S. and T.D., female high school soccer players enrolled at Whitfield High School in St. Louis, Missouri, filed this action pursuant to 42 U.S.C. § 1983 and Title IX of the

---

[1]The Court has placed the Complaint under seal due to the inclusion of personal identifiers in violation of Local Rule 2.17 (A)(2) ("In compliance with the policies of the Judicial Conference of the United States and the E-Government Act of 2002, promoting electronic access to case files while also protecting personal privacy and other legitimate interests, parties shall refrain from including, or shall partially redact where inclusion is necessary. . ..[the names of minor children].").

Education Amendments Act of 1972.[2]  Plaintiffs allege gender discrimination, violation of their due process rights and an equal protection violation under the Fourteenth Amendment.

Plaintiffs assert that they are seeking to remedy an unlawful pattern or practice of gender-based discrimination in Missouri high school athletics, maintained by the Missouri High School Activities Association (MSHSAA).  Specifically, Plaintiffs allege that MSHSAA schedules girls' high school soccer games during the Spring semester, placing girls' high school soccer in conflict with college recruiting events and club soccer competitions, while MSHSAA schedules boys' high school soccer in the Fall semester, which does not conflict with "non-school opportunities." Doc. [1] at 1.

Plaintiffs also contend that MSHSAA enforces one of its by-laws, By-Law 3.13.2, against female soccer players to restrict them from participating in club soccer during the Spring semester, while granting male soccer players a "dual participation" window in the Fall semester.[3] Plaintiffs allege that, despite seeking guidance and waivers as to By-Law 3.13.2 from MSHSAA for the past several years, they have not been granted a dual participation window, while boys have been given a 22-day window to participate in club soccer activities at the same time as they are participating on their high school soccer teams. According to Plaintiffs, in 2025 MSHSAA issued a limited waiver of 15 days for girls' dual participation only after their season had already begun and only for "competition" days, and they failed to define the term "competition" or offer written guidance.  Doc. [1] at 1, 4.  K.S. and T.D. allege that, because By-Law 3.13.2 was not applied fairly and predictably in the 2024-25 school year to both males and females, they were suspended from a high school game after self-reporting their participation in club soccer scrimmages in March of 2025.  Doc. [1] at 1.

Plaintiffs seek an order from this Court declaring that MSHSAA's current enforcement of By-Law 3.13.2 against female high school soccer players during the Spring semester constitutes unlawful discrimination.  Doc. [1] at 8.  They also seek an injunction requiring MSHSAA to "adopt and implement a constitutionally and statutorily compliant dual participation policy,

---

[2] Under Title IX, "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal assistance[.]"  20 U.S.C. § 1681(a) (emphasis added).

[3] MSHSAA By-Law 3.13.2 prohibits students from practicing or competing in the same sport for a non-school team or in organized non-school competition during their school's sport season, unless specific exceptions apply.

including equal access for male and female athletes, and to take immediate steps to prevent future discriminatory enforcement of eligibility rules." Doc. [1] at 9.

In addition, Plaintiffs seek a Temporary Restraining Order and Preliminary Injunction with several purposes: (1) to enjoin MSHSAA from enforcing By-Law 3.13.2 in a manner that prohibits Plaintiffs from participating in both high school and club soccer sports during the Spring of 2025; (2) to enjoin MSHSAA from applying different dual participation windows for male and female soccer athletes; (3) to require MSHSAA to reinstate Plaintiffs' full eligibility to compete in the 2025 girls' high school soccer season without penalty; and (4) to require MSHSAA to take timely and affirmative steps to revise its by-laws and scheduling practices to bring them into compliance with Title IX and the Constitution. Doc. [1] at 8.

### THE COURT FILING FEE AND PLAINTIFF K.S.'S MOTION TO PROCEED IN FORMA PAUPERIS

Self-represented Plaintiffs K.S. and T.D., through their parents as putative next friends, filed this civil action on March 27, 2025, but neither Plaintiff paid the Court filing fee of $405, nor filed a Motion to Proceed Without Prepayment of Fees or Costs. After being contacted by an Assistant Clerk of Court, Plaintiff K.S. filed a Motion to Proceed *in Forma Pauperis* in this matter, but, as a minor, she is not permitted to file motions in this Court on her own behalf. The Motion for Leave to Proceed in Forma Pauperis would have to be filed by her next friend, or parent. The Court therefore denies K.S.'s Motion to Proceed *in Forma Pauperis*, without prejudice. Plaintiffs' parents must submit Motions to Proceed *in Forma Pauperis* (individually) if they seek waiver of the filing fee in this matter, or else the full $405 filing fee must be paid.

### PLAINTIFFS' PARENTS' REQUESTS TO PROCEED AS NEXT FRIENDS

Plaintiffs' K.S. and T.D.'s parents informally seek to proceed in this action as next friends of their daughters. Plaintiffs' parents must formally move for leave from the Court to proceed as next friends, pursuant to Federal Rule of Civil Procedure 17(c)(2), which allows that "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." In their motions for leave to proceed as next friends, they should indicate their relationships to the Plaintiffs, why they are seeking to pursue this matter on behalf of the Plaintiffs, and how they anticipate protecting the Plaintiffs' rights.

The law does not allow a parent appointed as next friend to act as a pro se representative of the minor party (their child). *See Crozier for A.C. v. Westside Community School District*,

3

973 F.3d 882, 887 (8th Cir. 2020) ("Non-attorney parents cannot litigate pro se on behalf of their minor children, even if the minors cannot then bring the claim themselves."). Because it does not appear that Plaintiffs' parents are licensed to practice law, Plaintiffs must be represented by counsel in this matter.

Plaintiffs have not moved for appointment of counsel in this matter. The Court will allow Plaintiffs a short period of time to find counsel. If they cannot find their own counsel, they may seek appointment of counsel from the Court. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). If they seek appointment of counsel, they should such discuss in their requests such relevant factors as whether they are indigent, why they believe they would benefit from the appointment of counsel, their ability to investigate the facts and the law, as well as their ability to present their case before the Court. *See Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018)

## DISCUSSION

Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction seeks a ruling no later than April 2, 2025, "to ensure that they may return to competition for the scheduled match on April 3, 2025." Doc. [2] at 2. It is unclear if Plaintiffs are asserting that the match on April 3, 2025, is one from which they were suspended by MSHSAA, or if they simply anticipate being suspended from the upcoming game due to their continued participation on the club soccer team. Regardless, there are procedural impediments to holding a hearing in this matter prior to April 2, 2025.

Plaintiffs' Motion for Temporary Restraining Order was submitted without adequately giving notice to Defendant Under Federal Rule of Civil Procedure 65(b)(1). Federal Rule 65(b)(1) states:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorneys only if:
>
> (A) specific facts in an affidavit or *a verified complaint* clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition, and
>
> (B) the movant's attorney certifies in writing any efforts made to give the notice and the reasons why it should not be required.

(emphasis added).  Plaintiffs' Complaint is unverified, and the parties are unrepresented. Therefore, it is inappropriate to hear this matter *ex parte*, i.e., without all parties present.

An injunction is an extraordinary remedy that is never awarded as of right.  *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 27 (2008).  In determining whether to grant a temporary restraining order or a preliminary injunction, a district court applies "a flexible consideration of (1) the threat of irreparable harm to the moving party; (2) balancing this harm with any injury an injunction would inflict on other interested parties; (3) the probability that the moving party would succeed on the merits; and (4) the effect on the public interest."  *St. Louis Effort for AIDS v. Huff*, 782 F.3d 1016, 1021 (8th Cir. 2015); *see also Dataphase Systems, Inc. v. C L Systems, Inc.,* 640 F.2d 109, 113 (8th Cir. 1981). "None of these factors by itself is determinative; rather, in each case the four factors must be balanced to determine whether they tilt toward or away from granting a preliminary injunction."  *West Pub. Co. v. Mead Data Cent., Inc.,* 799 F.2d 1219, 1222 (8th Cir. 1986).[4]

It does not clearly appear from specific facts in Plaintiffs' Complaint that immediate and irreparable injury, loss, or damage will result to Plaintiffs before the adverse parties, or their attorneys, can be heard in opposition.  Moreover, as noted above, Plaintiffs' parents must pay the filing fee, move for leave to appear as next friends, and find representation for their children before this matter may proceed.  It also appears from the Complaint that the issues relating to By-Law 3.13.2 and the "dual participation windows" for boys and girls soccer have been ongoing for quite some time.  And Plaintiffs have not certified in writing the reasons why notice should not be required.  For all of these reasons, the Court will not hold an *ex parte* emergency injunction hearing, but will instead require Plaintiffs to obtain counsel and serve Defendant with their Motion for Temporary Restraining Order and Preliminary Injunction.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff K.S.'s Motion for Leave to Proceed in Forma Pauperis Doc. [3] is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiffs must pay the full filing fee of $405 within fourteen (14) days, or prior to a hearing on their Motion for Temporary Restraining Order and Preliminary Injunction, whichever is earlier.

---

[4] The same standard applies to both a preliminary injunction and a temporary restraining order.  *See S.B. McLaughlin & Co. v. Tudor Oaks Condo. Project,* 877 F.2d 707, 708 (8th Cir. 1989).

**IT IS FURTHER ORDERED** that Plaintiffs K.S. and T.D.'s parents must file individual motions to proceed as next friends within fourteen (14) days of the date of this Memorandum and Order in compliance with Federal Rule of Civil Procedure 17(c)(2). If a hearing is held on the Motion for Temporary Restraining Order and Preliminary Injunction prior to that time, the motions to proceed as next friends must be filed prior to the hearing.

**IT IS FURTHER ORDERED** that Plaintiffs K.S. and T.D. must obtain counsel in this matter. Counsel must enter their appearance prior to a hearing on the Motion for Temporary Restraining Order and Preliminary Injunction or within thirty (30) days of the date of this Order. If Plaintiffs cannot obtain counsel, they may move the Court for appointment of counsel.

**IT IS FINALLY ORDERED** that the Court declines to hold an *ex parte* hearing on Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction at this time. After obtaining counsel and serving Defendant, Plaintiffs may file a motion for hearing on an expedited basis.

Dated this 28th day of March, 2025.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE